UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:13-CV-609-BO

JORGE CANARIO and CATHERINE )
CANARIO, )
  )
                Appellants, )
  )
v. )       **ORDER**
  )
MARJORIE K. LYNCH, Bankruptcy )
Administrator, )
  )
                Appellee. )

This cause comes before the Court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina. A hearing was conducted on this matter before the undersigned on June 18, 2014, at Elizabeth City, North Carolina.[1] For the reasons discussed below, the order of the bankruptcy court is AFFIRMED.

## PROCEDURAL HISTORY

Debtors in this matter, Jorge and Catherine Canario, filed for chapter 11 bankruptcy in the Eastern District of North Carolina on February 1, 2012. On June 13, 2013, the bankruptcy court entered an order regarding the final application for compensation filed by counsel for debtors, Robert Lewis. The bankruptcy court allowed the fee application as to any fees incurred for pre-petition services but denied the request as to any fees incurred for post-petition services.

---

[1] The hearing was conducted in three cases on appeal by Mr. Lewis, two of which relate specifically to sanctions entered against him by the bankruptcy court. *See* No. 5:14-CV-234-BO and No. 5:13-CV-696-BO. The Court further notes that although this matter was referred to the Clerk of Court regarding Mr. Lewis' ability to practice in this district given the imposition of a temporary suspension by the bankruptcy court, the Court is unaware that any proceedings before the clerk are currently pending and thus proceeds with its consideration of the issues in this appeal.

The bankruptcy court further directed Mr. Lewis to return to the debtors $1,451 held in his trust account as well as any amount of fees received by debtors post-petition, including two $2,500 credit card payments, within ten days of the date of entry of the order. The bankruptcy court based its decision on a finding that Mr. Lewis' fee application was not timely filed, sought fees on a *nunc pro tunc* basis, failed to disclose payments made to counsel, and failed to contain adequate documentation to support the amount of fees requested.

Mr. Lewis noticed an appeal of the bankruptcy court's order which was filed in this Court on August 23, 2013. On appeal, Mr. Lewis contends that the bankruptcy court erred in finding: that the compensation application was untimely, that counsel sought fees on a *nunc pro tunc* basis, that counsel failed to disclose payments made to him, that the application did not contain adequate supporting documentation, that post-petition fees incurred would not be paid, and that counsel must return to debtors $1,451 plus any fees received post-petition including two $2,500 credit card payments. Mr. Lewis further contends that the bankruptcy court erred because there was no evidence in the record to support its ruling and it did not make separate findings of fact and conclusions of law.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." *See also In re Armstrong*, 304 B.R. 432, 434-35 (B.A.P. 10th Cir. 2004) ("The bankruptcy court's order imposing sanctions is a final order subject to appeal under 28 U.S.C. § 158(a)(1)."). The Court reviews the bankruptcy court's determination regarding attorney's fees for abuse of discretion. *Harman v. Levin*, 772

F.2d 1150, 1153 (4th Cir. 1985). "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) (citation omitted).

## ANALYSIS

In a chapter 11 proceeding, the debtor may appoint an attorney to represent his interests with approval from the bankruptcy court. 11 U.S.C. §§ 327; 1107. The bankruptcy court may award reasonable compensation to an attorney appointed under section 327 for actual services rendered, subject to the attorney's compliance with the reporting requirements of 11 U.S.C. § 239 and Federal Rule of Bankruptcy Procedure 2016. 11 U.S.C. § 330; *see also In re 5900 Associates, Inc.*, 468 F.3d 326, 329 (6th Cir. 2006). The bankruptcy court retains jurisdiction over professional fees even after confirmation in a chapter 11 proceeding. *Id.* at 330 (§ 330 does not apply only to fees that will be drawn from the bankruptcy estate as the language of the statute contains no such limitation).

Here, the debtors disclosed Mr. Lewis' firm as being the sole professional claim to be paid subject to court approval, the amount of the claim being designated as to be determined by the court. [DE 3-5]. In its December 7, 2012, order confirming the chapter 11 plan, the bankruptcy court held that the disclosure statement was approved and any fee applications must be filed within sixty days of the effective date of the order, which was ten days from the order's date of entry. [DE 3-6]. Mr. Lewis filed his fee application on April 29, 2013, requesting compensation in the amount of $30,850.50 and expenses in the amount of $1,837.25 for the period beginning February 1, 2012 through March 23, 2013. [DE 2-5]. The bankruptcy

3

administrator filed an objection to the fee application, and the bankruptcy court held a hearing on the matter on June 12, 2013.

During the hearing before the bankruptcy court, Mr. Lewis readily acknowledged that he made mistakes in the timing of his fee application, in making or failing to make disclosures to the bankruptcy court, and in keeping contemporaneous time records. *See e.g.* [DE 4 at 18; 28; 29; 34; 36; 44]. The bankruptcy court then orally announced its factual findings in support of its ruling and informed the parties that Mr. Lewis would be allowed fees for prepetition work only and that a written order would be entered. [DE 4 at 54-58].

Based on its consideration of the record on appeal and the applicable standards, the Court finds that the bankruptcy court did not abuse its discretion when it entered its order regarding Mr. Lewis' attorney's fees. Mr. Lewis' argument that the bankruptcy court lacked jurisdiction to modify or decline to award attorney's fees is incorrect as a matter of law and belied by Mr. Lewis' filing of a fee application and his statements made to the bankruptcy court at the hearing. *See also In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989)("any payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding is reviewable by the bankruptcy court notwithstanding the source of payment."). In his brief on appeal, Mr. Lewis does not actually challenge the bankruptcy court's finding that his fee application was untimely or that he sought fees *nunc pro tunc*, but rather contends that by not timely filing a fee application he was merely following "industry practice." Whether or not Mr. Lewis understood "industry practice" in the Eastern District to be that a fee application would not be required after confirmation of a chapter 11 plan, the plain language of the applicable statutes requires a fee application, except in limited circumstances, and Mr. Lewis has not demonstrated that any of these exceptions apply here.

Regarding the bankruptcy court's actual fee award, 11 U.S.C. § 330(a)(2) expressly provides that the bankruptcy court may "on its own motion or the motion of the . . . trustee. . . award compensation that is less than the amount of compensation requested." Thus, that the debtors were satisfied with the work performed by Mr. Lewis or that the bankruptcy administrator was the only party who objected to the fee award is of no import.

Mr. Lewis claims that the bankruptcy court acted unfairly and inequitably when it denied the majority of his fee request, but review of the record confirms that the bankruptcy court did not abuse its discretion in this instance. As was noted several times at the hearing, there were multiple reasons to deny or modify the fee requested in this instance, including the untimeliness of the application; the submission of time records which appeared not to have been contemporaneously maintained, resulting in the bankruptcy court finding Mr. Lewis' credibility to be compromised; and a finding that the fee application was filed only after prompting by the bankruptcy administrator. Mr. Lewis' contention that to not award the full fee request would amount to a windfall to the debtors fails to recognize that "[t]here is no unjust hardship in requiring attorneys to observe the strict requirements of [the rules related to attorney's fees] because professionals are charged with knowledge of the law." *In re Downtown Inv. Club III*, 89 B.R. 59, 63-64 (B.A.P. 9th Cir. 1988); *In re: Tosh*, 12-03300-8-JRL, 2013 WL 2500849 (Bankr. E.D.N.C. June 11, 2013) ("strict enforcement and adherence to the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure governing compensation of attorneys and other professionals is necessary to protect the integrity of the bankruptcy system.").

This Court has been presented with no argument on appeal which would convince it that the bankruptcy court abused its discretion in its treatment of Mr. Lewis' attorney fee request.

The Court further holds that the bankruptcy court's findings of fact were not clearly erroneous and finds no error in its conclusions of the law.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED in its entirety. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 24 day of June, 2014.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE